UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DIANE OWEN, | Civ. 08-5054-KES |
| Plaintiff, | |
| vs. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | AND AFFIRMING DECISION OF COMMISSIONER |
| Defendant. | |

Plaintiff, Diane Owen, appealed the denial of her application for social security benefits by the Social Security Administration. Docket 1. The case was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Docket 13. On March 27, 2009, Magistrate Judge Duffy submitted her report and recommendation for disposition of this case to the court. Docket 20. Owen objects to five of the proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). Docket 14. The court reviewed the matter de novo and accepts the findings and recommendations of Magistrate Judge Duffy as supplemented herein.

**STANDARD OF REVIEW**

The decision of the Administrative Law Judge ("ALJ") must be upheld if substantial evidence in the record supports it as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind might find it adequate to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Fines v. Apfel, 149 F.3d 893 (8th Cir. 1998); Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995). Review by this court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

Under section 405(g), the court is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Further, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); see also Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993). The court must review the Commissioner's

decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). If the ALJ's decision is supported by substantial evidence, then this court cannot reverse the decision of the ALJ even if the court would have decided it differently. Smith v. Shalala, 987 F.2d at 1374.

**DISCUSSION**

**I.** **Owen's Depression Was Not a Severe Impairment**

Owen first objects to Magistrate Judge Duffy's finding that substantial evidence supported the ALJ's determination that Owen's depression was not a severe impairment. At the second step in the administrative review process, the ALJ is required to determine whether each of a claimant's conditions is severe. Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998). A condition is severe if it significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1513(a). Owen argues that the record of a psychological evaluation performed by Dr. Dewey Ertz, Ed. D., that she submitted to the Appeals Council shows that substantial evidence does not support the Commissioner's decision.

3

Where a claimant has submitted new evidence to the Appeals Council and the Appeals Council considered that new evidence in its decision to deny review, this court's role is to decide "whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." Riley v. Shalala, 18 F.3d 619 (8th Cir. 1994). In the instant case, Dr. Ertz's opinion does not foreclose the ALJ's decision. It is one piece of evidence provided by an evaluating doctor that does not state that Owen's depression is in its own right a limiting factor on her ability to work.

The ALJ's opinion is supported by the record. Owen's treating physician, Dr. Kari Lund, reported that Owen was doing well on anti-depressant medication. Two state agency psychologists reviewed the evidence: one to June 21, 2006, and the other to October 17, 2006, and neither found Owen's depression to be severe. Finally, there is no evidence in the record to support the claim that Owen's depression by itself interfered with her ability to work. As a result, the court finds that the ALJ's decision on the issue is affirmed.

## II. Dr. Ertz Recommended that Owen Could Work

Owen next objects to the magistrate judge's characterization of Dr. Ertz's opinion that Owen would be able to return to the work force. Owen argues that Dr. "Ertz believed that Diane could *not* perform full time employment due to her depression at the time of his evaluation." (Objections at 8.) The

magistrate judge wrote, "given Ms. Owen's RFC, is there other work existing in substantial numbers in the national economy that Ms. Owen could do? Dr. Ertz answered this question unequivocally: 'yes.' " (Report 25.) It is valuable here to turn to the precise language in Dr. Ertz's evaluation:

> <u>Is there anything at the present time that would assist Ms. Owen in a successful return to work?</u> Diane may be assisted to successfully return to work through pain management services and outpatient mental-health therapy. This is likely to be a slow process and it is questionable if she would be able to return to full-time employment. This opinion is based in part on my findings that she presents intellectual and memory skills necessary to function adequately in an employment setting. Another consideration would be the availability of employment at a sedentary level which matches her limitations. (A.R. 12.)

While Dr. Ertz does say that it would be difficult, his conclusion is that Owen may be able to return to work with assistance. This part of Dr. Ertz's opinion, however, addresses Owen's ability to work. Such an opinion is not the sort of opinion to which an ALJ defers even when made by a treating physician. <u>See</u> <u>Ellis v. Barnhart</u>, 392 F.3d 988, 994-96 (8th Cir. 2005); 20 C.F.R. § 404.1527(d)-(e). As an examining physician, Dr. Ertz's opinion has even less weight. The ALJ did not err in declining to give Dr. Ertz's opinion weight.

### III. Neither Dr. Dietrich nor Dr. Anderson Opined that Owen Had a Medical Need to Lie Down for a Few Hours Every Day

Owen also objects to Magistrate Judge Duffy's finding that neither Dr. Dietrich nor Dr. Anderson opined that Owen had a medical need to lie down for a few hours every day. In support of her position, Owen notes a

5

number of passages in the record where both doctors admit that lying down might help to reduce Owen's pain. But this is quite different than saying that lying down is medically necessary. In fact, Dr. Anderson opined that for medical reasons Owen should spend less time lying down. The court adopts the magistrate judge's recommendation on this issue in full.

**IV.   Owen Never Testified That She Had to Lie Down Every Day**

Owen's next objection is to the magistrate judge's finding that Owen "never testified that her condition compelled her to lie down two to three hours a day." (Report 34.) Owen cites a number of places in the Administrative Record where she reported to doctors that lying down "eases her pain" or "relieves her symptoms." (Objections 10-11.) None of these notes contradict Magistrate Judge Duffy's finding that Owen never <u>testified</u> that her pain forced her to lie down. But the magistrate judge treated her testimony as if she had claimed such a requirement, so the point is moot.

**V.   There Is Substantial Evidence to Support the ALJ's Credibility Determination**

Owen finally objects to the magistrate judge's recommendation that should Owen's testimony be construed to mean she needed to lie down every day in order to function, substantial evidence supports discrediting it. Applying the factors enumerated in <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984), Magistrate Judge Duffy found that Owen's testimony was contradicted by her daily activities, her non-compliance with treatment, and

6

her doctors' testimony that she was capable of working. Even accepting all of Owen's arguments objecting to the magistrate judge's reasoning, substantial evidence supports the ALJ's decision.

Owen argues that her need to lie down every day to relieve her severe pain is not contradicted by her ability to perform most of the normal activities of daily living: Just because she can walk her dogs, cook, and wash the dishes, does not mean that she does not later need to lie down. But Owen has not said that the pain visits her or increases only at a certain time of day. The ALJ was justified in finding that her regular daily activities over an extended period of time suggest that she is not suffering as much pain as she claims.

Moreover, although the record does show that she used pain medication, no medical source has stated that Owen must lie down every day. Even if there were excuses having to do with improperly arranged child care and the weather, missing between nine and fourteen appointments with her physical therapist over three and a half months is another valid piece of evidence to consider when deciding credibility. For these reasons, the court finds that substantial evidence supports the ALJ's determination.

After de novo review of the matter, including careful review of the administrative record and all of the parties' briefs, the court concurs with Magistrate Judge Duffy's recommendation for the reasons stated above and

7

those set forth in the report and recommendation.  The report and recommendation is adopted in full.  Therefore, it is hereby

ORDERED that the decision of the Commissioner is affirmed.

Dated August 26, 2009.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE